# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60754
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OCTAVIA JERMAINE WINTERS, also known as Jermaine Octavia Winters,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-57-5

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Octavia Jermaine Winters appeals his 120-month sentence of imprisonment imposed following his guilty plea conviction for theft of a firearm from a licensed dealer. Winters argues that the Government breached the terms of the plea agreement wherein it agreed to recommend a sentence in the lower 50% of the guidelines range and to dismiss the remaining counts in the indictment. He argues that the inclusion of relevant conduct to calculate his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60754

guidelines range constituted a breach. Winters further also challenges the calculation of his offense level and his criminal history score. The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the appeal waiver provision in Winters's plea agreement.

Although "an alleged breach of a plea agreement may be raised despite a waiver provision," *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010), our review of the record shows that the Government did not breach the plea agreement as its conduct was not clearly or obviously inconsistent with a reasonable understanding of its obligations, *see Puckett v. United States*, 556 U.S. 129, 133-38 (2009); *United States v. Hinojosa*, 749 F.3d 407, 411, 413 (5th Cir. 2014).

Accordingly, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED. The Government's alternative motion for summary affirmance is DENIED.